# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NATHANIEL C. JEFFRIES,**

**Plaintiff,**

**v.**  Case No:   **6:18-cv-883-Orl-40KRS**

**ARTOPIA OF ORLANDO, LLC and
SARYOUL H. MUHAMMED,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT (Doc. No. 30)** |
| **FILED:** | **October 24, 2018** |

## I.  BACKGROUND.

Plaintiff, Nathaniel C. Jeffries, filed a complaint against Defendants, Artopia of Orlando, LLC and Saryoul H. Muhammed,[1] alleging that Defendants failed to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  Doc. No. 1.

On October 23, 2018, the parties filed a joint notice informing the Court that the parties had reached a settlement.  Doc. No. 29.  On October 24, 2018, the parties filed a joint motion

---

[1]  In the joint motion, the parties represent that the case style is incorrect, and Defendant Saryoul H. Muhammed is actually Muhammed H. Saryoul.  Doc. No. 30, at 1 n.1.  The FLSA Settlement Agreement was executed by Muhammed H. Saryoul.  Doc. No. 30-1, at 3.

requesting that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).   Doc. No. 30.   They also filed a copy of a fully executed FLSA Settlement Agreement as a separate document.   Doc. No. 30-1.

In the joint motion, the parties request that the Court approve the Settlement Agreement and dismiss the case with prejudice.   Doc. No. 30, at 2.   The motion was referred to me for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II.    APPLICABLE LAW.

In *Lynn's Food Stores*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   679 F.2d at 1353.   A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1238 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount for attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2]   If the Court finds that the payment to an attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater had the parties reduced the attorney's fees to a reasonable amount.   *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the

---

[2] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III.    ANALYSIS.**

   *A.   Whether Plaintiff Compromised His Claims.*

   Under the terms of the Settlement Agreement, Defendants will pay Plaintiff a total of $8,000 ($4,000 in unpaid wages and $4,000 in liquidated damage) and $4,000 to his attorney.   Doc. No. 30-1 ¶ 2.   In his answers to the Court's interrogatories, Plaintiff states that his regular rate of pay was $14.00 per hour, and that he worked approximately 1,281 overtime hours.   Thus, he was seeking overtime compensation of $8,967.00 (1,281 hours x $7.00 overtime per hour due), in addition to liquidated damages, attorney's fees and costs.   Doc. No. 26, at 1–2.

   Because under the Settlement Agreement Plaintiff will receive less than that to which he initially claimed he was entitled, Plaintiff has compromised his claim.   *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").   Thus, the Court must make a fairness finding under *Lynn's Food Stores*.

   *B.   Fairness and Reasonableness of Settlement Amount.*

   In the Settlement Agreement, the parties represent that "Plaintiff and Defendants desire to avoid incurring further costs of litigation, and seek to resolve all matters in controversy, disputes, and causes of action between them in an amicable fashion."   Doc. No. 30-1, at 1.   In the joint motion, the parties state that this case involves disputed issues of liability and that they disagree on the number of hours Plaintiff worked.   Doc. No. 30 ¶ 4.   They represent that the Settlement Agreement represents a fair and reasonable settlement of those controversies, and that both parties

entered into the Settlement Agreement voluntarily.   *Id.* ¶¶ 5, 6.   They note that both parties were represented by experienced counsel in this matter.   *Id.* ¶ 7.

Because the parties' representations adequately explain the reasons for the compromise, I recommend that the Court find the amount of the compromise reasonable.   *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

    *C.   Attorney's Fees and Costs.*

Because Plaintiff has compromised his claim, the Court must also consider whether the payment to his attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept.   *See Silva*, 307 F. App'x at 351.   The parties should negotiate attorney's fees "separately and without regard to the amount paid to the plaintiff."   *Bonetti*, 715 F. Supp. 2d at 1228.

Pursuant to the Settlement Agreement, counsel for Plaintiff will receive $4,000 in attorney's fees and costs.   Doc. No. 30-1 ¶ 2(c).   The parties state that they "agree and acknowledge that the amount of attorney's fees described in Paragraph 2(c) was reached separately and without regard to the amount Plaintiff agreed to accept in the settlement to cover his wage claims, and that the amount is an accurate reflection of the amount of work performed and costs incurred."   *Id.* ¶ 7.   Likewise, in the joint motion, the parties state that they negotiated the issue of attorney's fees separately from the issue of Plaintiff's recovery.   Doc. No. 30 ¶ 8.

Based on these representations, there is no reason to believe that the amount Plaintiff agreed to accept was adversely affected by the amount of fees paid to his counsel.   *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's

settlement").   Therefore, I recommend that the Court find that the amount of attorneys' fees to be paid under the settlement agreement does not taint the amount Plaintiff agreed to accept to settle the case.

      *D.  Scope of Release.*

      The Court must next consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable.  *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims.").  Here, the release provides:

> Plaintiff agrees and acknowledges that this is a disputed claim and represents that upon receipt of the full settlement payment described in Paragraph 2, he will have released all claims against Defendants under the Fair Labor Standards Act for any and all work performed for or on behalf of Defendants, and will dismiss the Lawsuit.

Doc. No. 30-1 ¶ 6.

      Because the release is limited to Plaintiff's claims against Defendants under the FLSA, which are the claims raised in the complaint, I recommend that the Court find that the release is not impermissibly overbroad.  *See, e.g.*, *Cooper v. Garda CL Se., Inc.*, No. 6:15-cv-1677-ORL-40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015) (noting that "a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint").

      Accordingly, I recommend that the Court find that the Settlement Agreement represents a fair resolution of Plaintiff's FLSA claim.

      *E.  Request to Retain Jurisdiction.*

      Finally, in the joint motion, the parties request that the Court retain jurisdiction to enforce Defendants' obligation to make payments under the Settlement Agreement to Plaintiff and

Plaintiff's attorney.   Doc. No. 30, at 2.   "Courts in this District, however, routinely deny requests to retain jurisdiction to oversee and enforce payment plans set forth in a FLSA settlement agreement."   *Eiland v. U.S. Walls, LLC*, No. 6:13-cv-1237-ORL-40, 2015 WL 478372, at *5 (M.D. Fla. Feb. 4, 2015) (citations omitted).   The parties have provided no argument or authority to support their request for the Court to retain jurisdiction.   Doc. No. 30, at 2.   Accordingly, I recommend that the Court deny the parties' request to retain jurisdiction to enforce the terms of the Settlement Agreement.

IV.     **RECOMMENDATIONS.**

For the reasons set forth above, **I RESPECTFULLY RECOMMEND** that the Court **FIND** that the Settlement Agreement is a fair resolution of a *bona fide* dispute under the FLSA, **GRANT in part** the Joint Motion for Approval of FLSA Settlement (Doc. No. 30), **DECLINE** to reserve jurisdiction to enforce the Settlement Agreement, **DISMISS** the case with prejudice, and thereafter **DIRECT** the Clerk of Court to close the file.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 7, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy